Ida Collins, Appellee, v. Richard Collins et al.,
Appellants.

Gen. No. 47,111.

First District, Third Division.
June 21, 1957.
Rehearing denied September 20, 1957.
Released for publication September 30, 1957.

Kelly, Kelly & Kelly, of Chicago (John J. Kelly, Sr., John J. Kelly, Jr., George G. Kelly, and Frank M. Kelly, all of Chicago, of counsel) for appellants.

Louis Z. Grant, of Chicago, for appellee.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

Ida Roberts married William S. Collins at Chicago on December 23, 1953. They lived together as husband and wife until April 20, 1955. On June 25, 1955, the wife filed a complaint for divorce, charging her hus-

band with "habitual drunkenness for the space of two years and upwards" subsequent to the marriage. The defendant was served with a summons.. He did not file an appearance and was defaulted. On July 26, 1955, the chancellor found the defendant guilty of habitual drunkenness for a period of two years and upwards subsequent to the marriage and prior to the filing of the complaint. The decree also found that by mutual agreement the parties settled their property rights and awarded to the plaintiff as her sole property a certain retail business, including the stock and fixtures therein, theretofore conducted by plaintiff, and also awarded to her the household furniture of the parties. The decree dissolved the bonds of matrimony and gave to plaintiff the right to resume her maiden name.

From the report of proceedings it appears that plaintiff, in answer to the question: "How often would he become drunk on an average for the last two years and more prior to the separation?" said: "At least three or four nights a week." To the question: "Would you say from your observation that he was addicted to liquors and was an habitual drunkard?" she answered: "Yes." Mary Thornton, a witness, in answer to the question: "Would you say that he was intoxicated on an average of twice or more times a week for a period of the last two years prior to the separation on April 20, 1955?" said: "Yes, he was drunk three or four times week." In answer to the inquiry: "He was an habitual drunkard?" this witness said: "Yes, sir." Amelia Promisca, a witness, answering the question: "Did you ever see Mr. Collins intoxicated?" said: "Persistently." In answer to the question: "Would you say he was intoxicated on an average of twice or more times a week prior to the separation which took place in April, 1955?" she answered: "Yes, sir."

On August 30, 1956, plaintiff was given leave to file in the divorce case a verified petition under Section 72 of the Civil Practice Act [Ill. Rev. Stats. 1955, ch.

110, § 72] to vacate the divorce decree and to dismiss the cause. The petition stated that on August 6, 1955, at Chicago plaintiff in good faith and "not knowing of the invalidity" of the divorce decree "went through a marriage ceremony" with Ewald A. Haglund; that on June 15, 1956, Haglund filed a complaint in the Superior Court against her to annul the marriage on the ground that it was void; that she was served with a summons; and that on June 15, 1956, a decree was entered in the Superior Court finding that the decree of divorce "is void because the said Circuit Court did not have jurisdiction of the subject matter of said cause." The petition further stated that the Superior Court found the marriage of plaintiff with Haglund to be bigamous on the part of Ida Collins and decreed that the purported marriage between Haglund and plaintiff be annulled, alleged that the divorce decree was void in that it affirmatively appears therefrom that the period of two years did not and could not have elapsed between the day the parties were married and the filing of the complaint for divorce. Finally the petition averred that on August 11, 1956, William S. Collins died; that up to the time of filing the petition no letters were issued for the administration of his estate; and that his heirs at law and next of kin are plaintiff, his widow, and three brothers, who were made parties defendant to the petition.

The three brothers of the deceased, hereinafter called defendants, filed a motion to dismiss the petition on the ground that it fails to allege facts entitling plaintiff to any relief. The chancellor denied the motion. Defendants elected to stand on their motion, whereupon the chancellor ordered that the divorce decree be vacated. Defendants, appealing, ask that the latter order be reversed and that their motion to dismiss the petition be sustained.

Plaintiff insists that the divorce decree is void on its face in that it purports to grant a divorce for two years

habitual drunkenness since the marriage of the parties, and that it affirmatively appears from the decree that the defendant could not have been guilty of habitual drunkenness for that period. She asserts that the court had no jurisdiction to grant a divorce for habitual drunkenness for a period less than two years subsequent to the marriage of the parties, and maintains that irrespective of the question of jurisdiction, she is entitled to relief from the divorce decree under Section 72 of the Civil Practice Act as on a bill of review for errors apparent on the face of the decree. She states that the allegations of her petition are admitted by defendants' motion to dismiss and state sufficient grounds for relief, and that she is not estopped from attacking the divorce decree.

 It has frequently been held that jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit. Jurisdiction of the particular matter does not mean jurisdiction of the case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. Jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous decision, however erroneous that decision may be. O'Brien v. People ex rel. Kellogg Switchboard & Supply Co., 216 Ill. 354; Friend v. Northern Trust Co., 314 Ill. App. 596. We are of the opinion that under the decisions the Circuit Court had jurisdiction of the subject matter. Jurisdiction was not lost because the court erred in counting time. Having obtained all the relief she sought, including the undisturbed possession of the business and household furniture, plaintiff was in no position to prosecute an appeal from the divorce decree. Her position is not improved by proceeding under the provisions of Section 72 of the Practice Act.

For the reasons stated, the decree of the Circuit Court of Cook county, entered October 15, 1956, is re-

versed and the cause is remanded with directions to sustain defendants' motion to dismiss plaintiff's petition.

Decree reversed and cause remanded with directions.

FRIEND, J., concurs.

BRYANT, J., took no part.